```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
          DALLAS DIVISION
```

KENNETH ELLIOTT, 1592301,            )
      Petitioner,                  )
                                      )
v.                                   )    No. 3:12-CV-838-L
                                      )
WILLIAM STEPHENS,[1] Director, Texas  )
Dept. Of Criminal Justice, Correctional )
Institutions Division,               )
      Respondent.                  )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.     Procedural Background**

Petitioner challenges his conviction for aggravated kidnaping. *State of Texas v. Kenneth Elliott*, No. F-0771146-R (265th Jud. Dist. Ct., Dallas County, Tex., Aug. 18, 2009). On August 18, 2009, the Court sentenced Petitioner to twenty years in prison pursuant to a plea bargain agreement. Petitioner did not file an appeal.

On June 22, 2010, Petitioner filed a state habeas petition. *Ex parte Elliott*, No. 76,868-01. On January 11, 2012, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

---

[1]On June 1, 2013, William Stephens replaced Rick Thaler as Director of TDCJ-CID. Pursuant to Fed. R. Civ. P. 25(d), Stephens is automatically substituted as a party.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

On March 16, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues:

1. He received ineffective assistance of counsel that rendered his guilty plea involuntary when:

    (a) counsel failed to investigate his case and investigate a duress defense;

    (b) counsel failed to investigate his competency and inform him of the appeal procedures;

    (c) counsel failed to obtain rulings on all pre-trial motions; and

2. He was denied access to the courts on state habeas review.

## II. Discussion

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

2.  **Guilty Plea**

Petitioner argues his guilty plea was involuntary. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In this case, the record shows Petitioner enter his plea freely and voluntarily. Petitioner was originally charged with capital murder. He signed a plea agreement pleading guilty to the lesser charge of aggravated kidnaping. (*Ex parte Elliott* at 46.) The plea agreement admonished Petitioner that he was charged with a first degree felony and that his range of punishment was five years to life in prison. (*Id.* at 47.) Petitioner admitted he committed the offense of aggravated kidnaping. (*Id.* at 48.) Petitioner also signed a judicial confession admitting to all elements of the offense. (*Id.* at 50.) Petitioner has failed to show that he did not freely and voluntarily enter his guilty plea.

## 3. Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (A) Waived Claims

Petitioner claims his counsel failed to investigate the facts of his case, failed to obtain a ruling on all pre-trial motions and failed to investigate his duress defense.

Claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claims do not relate to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions."). These claims should therefore be denied.

**(B)  Procedural Bar**

Petitioner argues his counsel failed to investigate his competency and failed to inform him about the appeals process. Petitioner, however, failed to raise these claims in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present

**Findings, Conclusions and Recommendation

his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown any cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 91995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**

4.  **State Habeas Claims**

Petitioner argues he was denied due process during the state habeas proceedings. The Fifth Circuit, however, has determined that "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *see also, Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted). Petitioner's claims should therefore be denied.

5.  **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 13 day of June, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 7**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).